# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE        )
                         )
        v.               )        I.D. No. 1109012491
                         )
DAVID SALASKY,           )
                         )
        Defendant.       )

Submitted: October 16, 2023[1]
Decided: October 27, 2023

*Upon Defendant David Salasky's Motion Seeking Removal of Protective Order in the Above Case Applied by the Superior Court in Order for Defendant to Access Remaining Case/Work File Needed to Pursue Case Relief in in [sic] Lieu of Post-Conviction Relief in Supreme Court Case # 482,2022,*
**DENIED**

*Upon Defendant David Salasky's Motion to Withdraw Counsel of Record: DE Public Defender's Office,*
**DENIED as MOOT**

*Upon Defendant David Salasky's Motion for Post Conviction Touch DNA Access Relief and Remedy,*
**DENIED**

*Upon Defendant David Salasky's Motion for "Murder Book" or "File,"*
**DENIED**

## <u>ORDER</u>

Andrew Vella, Esquire, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for State of Delaware.

David Salasky, SBI # 416154/T-94291, c/o Massachusetts Department of Correction @ SBCC c/o Harvard Road, P.O. Box 8000, Shirley MA 01464-8000 Defendant, *pro se.*

---

[1] The Record and Mandate were received this date by the Superior Court following the Delaware Supreme Court's Order in *Salasky v. State*, 2023 WL 5487363 (Del. 2023).

**WHARTON, J.**

The 27th day of October 2023 upon consideration of Defendant's David Salasky's ("Salasky") Motion Seeking Removal of Protective Order Applied by the Superior Court in the Above Case in Order for Defendant to Access Remaining Case/Work File Needed to Pursue Case Relief in in [sic] Lieu of Post-Conviction Relief in Supreme Court Case # 492,2022 ("Motion to Remove Protective Order");[2] Motion to Withdraw Counsel of Record: DE Public Defender's Office ("Motion to Withdraw Counsel");[3] Motion for Post Conviction Touch DNA Access Relief and Remedy ("Motion for DNA");[4] Motion for "Murder Book" or "File," (Motion for Murder Book"); and the record in this matter, it appears to the Court that:

1.    In its Order in Salasky's most recent appeal, the Delaware Supreme Court summarized the procedural history of his case as follows:

> (1)    In September 2013, the appellant, David Salasky, pleaded guilty but mentally ill to two counts of first-degree murder, four counts of possession of a deadly weapon during the commission of a felony, and related offenses. In January 2014, the Superior Court sentenced Salasky to two life sentences plus a term of years.
>
> (2)    In October 2017, Salasky filed a motion for postconviction relief under Superior Court Criminal Rule 61 seeking to set aside his guilty plea. The Superior Court denied the motion in February 2018. Although the motion was untimely, the Superior Court nevertheless considered

---

[2] D.I. 220.
[3] D.I. 221.
[4] D.I. 224.

its merits and found, among other things, that Salasky's plea was made knowingly and voluntarily. Salasky did not appeal. Between March 2019 and April 2022, Salasky filed four more motions seeking to set aside his guilty plea, all of which were denied.

(3) On November 28, 2022, Salasky filed another motion to set aside his guilty plea. The Superior Court denied it, and this appeal followed.[5]

After Salasky filed his Notice of Appeal in that appeal, he filed the motions the Court resolves today.

2. **Motion to Remove Protective Order.** In this motion, Salasky asks the Court to release "the remaining Case/Work file and other tangible items to Mr. Salasky … to persue [sic] relief pursuant to 28 U.S.C. § 2255 and other hearings in the Superior and Supreme Court…"[6] He lists the items he seeks: Grand Jury indictments, rough notes, plea offers or agreements, a signed intention to appeal form, hospital records, correspondence with the prosecution, motions, orders, defense witness lists and affidavits, sworn statements and testimony.[7] He claims these items are being withheld from him by his former attorneys with the Public Defender's Office.[8] Further, he claims that his former attorneys are attempting to "thwart' his attempts to obtain justice by "the issuance of a non-heard of 'protective' order'" which does not appear on the docket.[9] The Court is unaware of any purported

---

[5] *Salasky v. State,* 2023 WL 62944987 at *1 (Del. Sep. 26, 2023).
[6] D.I. 220.
[7] *Id.*
[8] *Id.*
[9] *Id.*

3

"protective" order and Salasky has not provided the Court with one.  Certainly, the Court has not issued one, and, thus, declines to remove something it did not impose and has never seen.  More importantly, Salasky has nothing pending before this Court, having exhausted his postconviction relief remedies under Superior Court Criminal Rule 61.[10]  Therefore, the Court considers the issue raised by the Motion to Remove Protective Order to be an attorney/client dispute, unsuited for the Court's intervention.  The Motion is **DENIED.**

3.      **Motion to Withdraw Counsel.**  In this motion, Salasky states that there are and have been irreconcilable differences between him and the Public Defender's Office.[11]  He wants that office removed as his attorneys.[12]  But, the Office of the Public Defender has not been representing Salasky at least since he filed his *pro se* first postconviction relief motion in 2017.[13]  In reality though, that office's representation of Salasky ended when he did not appeal his plea and sentence in 2014.  Therefore the Motion to Withdraw Counsel is **DENIED as MOOT**.

4.      **Motion for DNA.**  A previous motion with an identical caption was denied on February 24, 2022 because it failed to comply with the requirements of Rule 61, in that it was untimely and repetitive.[14]  Further, the Court noted that there

---

[10] *Salasky,* 2023 WL 6294987, at * 1.
[11] D.I. 221.
[12] *Id.*
[13] D.I. 174
[14] D.I. 214.

was no pending proceeding that would require any discovery.[15] For the same reasons the Court denied Salasky's last one, this Motion for DNA also is **DENIED**.

5. **Motion for Murder Book.** In this motion, Salasky moves the Court to require the State to "produce discovery kept under the guise of 'The Murder Book' or 'File.'"[16] He explains that the "Murder Book" or "File" is something kept by "some" police departments and includes "all witness statements, the investigation, notes, pictures, video, and audio tapes/recordings, and descriptions and materials related to the case.[17] As with Salasky's other discovery requests, there is nothing pending before the Court that would create an entitlement to discovery. But, even if Salasky were entitled to discovery, the production of a "Murder Book" or "File" as he describes them would exceed the materials to which he would be entitled under former Superior Court Criminal Rule 16. The Motion for "Murder Book" is **DENIED**.

**THEREFORE,** for the reason set forth above:

1. Defendant David Salasky's Motion Seeking Removal of Protective Order in the Above Case Applied by the Superior Court in Order for Defendant to Access Remaining Case/Work File Needed to Pursue Case Relief in in [sic] Lieu of Post-Conviction Relief in Supreme Court Case # 482,2022 is **DENIED**;

---

[15] *Id.*
[16] D.I. 238.
[17] *Id.*

2.     Defendant David Salasky's Motion to Withdraw Counsel of Record: DE Public Defender's Office is **DENIED as MOOT**;

3.     Defendant David Salasky's Motion for Post Conviction Touch DNA Access Relief and Remedy is **DENIED**; and

4.     Defendant David Salasky's Motion for "Murder Book" or "File" is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.